UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JADE RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PNS STORES, INC., et al.,<br><br>    Defendants. | Case No.: 1:22-cv-01395 JLT SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)<br><br>(Doc. 10) |

Jade Rodriguez alleges she was sexually harassed by a co-worker while employed by PNS Stores, Inc. (*See generally* Doc. 1-1.) She seeks to hold PNS liable for violations under California Government Code section 12940 for sexual harassment, failure to prevent sexual harassment, retaliation, and constructive termination. (*Id*.) Plaintiff now moves for dismissal of the action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, asserting she wants to pursue collateral state court litigation. (Doc. 10.) PNS opposes dismissal, arguing Plaintiff's motion is nothing more than forum shopping and any dismissal would be unduly prejudicial. (Doc. 13.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Plaintiff's motion to dismiss pursuant to Rule 41 is **GRANTED**.

///

///

1

## I. Background and Allegations

Plaintiff asserts that during her employment with PNS, co-worker Jason Renovato[1] engaged in "unwelcomed, unsolicited and offensive conduct" towards Plaintiff, including following her around the workplace, grabbing and hugging her despite her oppositions, making inappropriate sexual comments, and blaming his conduct on her being "too pretty." (Doc. 1-1 at ¶ 12.) In November 2021, a supervising associate expressed to Plaintiff his concerns and discomfort regarding Renovato's conduct after reviewing store surveillance footage. (*Id.*) Plaintiff confirmed the conduct was unwelcome and offensive, but no corrective action was taken. (*Id.*) Renovato's conduct continued and in January 2022, Plaintiff complained to PNS' Store Manager, Marcus Jackson. (*Id.*) In response, Jackson and PNS' Human Resources Manager held a ZOOM meeting with Plaintiff, at which point she clarified not feeling safe or comfortable working with Renovato. (*Id.*) Plaintiff was informed that Renovato's conduct did not constitute sexual harassment and scheduling Plaintiff different shifts than Renovato would be "too much work." (*Id.*) As a result, Plaintiff was told she would have to continue working with Renovato. (*Id.*)

According to Plaintiff, PNS "condoned and ratified" Renovato's conduct by its "acquiescence in and/or refusal to recognize, adequately train, correct or remedy the offensive environment that existed in the workplace." (Doc. 1-1 at ¶ 16.) Plaintiff also asserts she faced retaliation by PNS (1) refusing to take action to stop Renovato's conduct, (2) continuing to schedule Plaintiff shifts with Renovato despite her requests otherwise, and (3) creating a hostile work environment that ultimately led to her constructive termination, among other things. (*See id.* at ¶ 13.)

Based upon these allegations, Plaintiff filed a complaint in state court for sexual harassment, failure to prevent sexual harassment, retaliation, and constructive termination pursuant to the California Fair Employment and Housing Act, Government Code § 12900, et seq. (Doc. 1-1.) PNS removed the action to federal court on October 28, 2022. (Doc. 1.) On March 10, 2023, Plaintiff filed a Notice of Related Cases, informing the Court of a related state action filed by Plaintiff in Fresno County Superior Court. (Doc. 10.) In the Notice, Plaintiff asserted the state action involves the same

---

[1] Though subsequent papers refer to Plaintiff's alleged harasser as "Renobato" (*see* Docs. 10, 13, 14), the Court will use the spelling "Renovato" as stated in the complaint for purposes of this order. (*See* Doc. 1-1.)

2

parties, is based on the same events, asserts the same causes of action, and involves the same or similar questions of fact and law as the instant action. (*See id.*) The Court construed the Notice as a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and afforded PNS an opportunity to oppose the motion. (Doc. 12.) PNS filed its opposition on March 27, 2023, (Doc. 13), to which Plaintiff replied on April 3, 2023. (Doc. 14.)

## II.   Dismissal under Rule 41

Rule 41 of the Federal Rules of Civil Procedure specifies the circumstances under which an action may be dismissed. Once a defendant has filed an answer or motion for summary judgment, a plaintiff may not unilaterally dismiss. *See Hamilton v. Shearson Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987). Rather, a plaintiff must seek dismissal under Rule 41(a)(2), which provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Unless otherwise ordered by the Court, dismissal under Rule 41(a)(2) "is without prejudice." *Id.*

The Ninth Circuit explained, "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." *Stevedoring Serv. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir. 1991). Thus, when ruling upon a Rule 41 motion to dismiss without prejudice, the Court must determine whether the defendant will suffer legal prejudice. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Legal prejudice "is just that - prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.,* 100 F.3d 94, 97 (9th Cir. 1996). In other words, legal prejudice is shown "where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.* The burden is on the defendant to show a matter should not be dismissed due to legal prejudice. *Edstrom v. NDEX West, LLC*, 2012 WL 4092420, at *2 (E.D. Cal. Sept. 17, 2012) ("there is no requirement in this Circuit that a plaintiff explain its reasons for seeking dismissal; rather, it is the defendant's burden to show that it will suffer plain legal prejudice in opposing a plaintiff's voluntary dismissal").

Motions for voluntary dismissal under Rule 41(a)(2) should be liberally granted if it will not result in legal prejudice. *See Stevedoring*, 889 F.2d at 921; *see also Watson v. Clark*, 716 F. Supp.

3

1354, 1355 (D.Nev. 1989) ("motions filed under Fed.R.Civ.P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced"). The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's discretion and "will not be disturbed unless the court has abused its discretion." *Westlands Water Dist.,* 100 F.3d at 96 (citations omitted).

### III.  Discussion and Analysis

Plaintiff requests this action be dismissed to allow litigation of her state court action, Fresno County Superior Court case number 23CECG00653, to proceed. (Doc. 10 at 3.) PNS opposes dismissal, asserting Plaintiff is "blatantly" forum shopping, and it will be prejudiced because of the time and resources expended thus far. (Doc. 13 at 3.)

As to PNS' first assertion, it contends that because Plaintiff has known Renovato's identity since the outset of the case, choosing *not* to name him as a defendant in her federal action is an attempt to destroy diversity "or otherwise evade federal jurisdiction." (*See* Doc. 13 at 3-4.) Plaintiff asserts that Renovato is, as opposed to a sham defendant, a "key player" whose conduct forms the basis of liability in this action. (Doc. 14 at 3.)

The cases PNS relies upon are unsupportive. PNS' position is that by *not* naming Renovato as a defendant, Plaintiff is attempting to "evade" federal jurisdiction by seeking to dismiss its federal action. The cited cases do not involve such circumstances. Both *Azarian v. State Farm Gen. Ins. Co.*, 2021 WL 6618612 (C.D. Cal. Aug. 19, 2021) and *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, at *1 (N.D. Cal. Apr. 26, 2007) concerned a plaintiff's motion to amend the complaint and as a result, remand the action to state court based on lack of diversity jurisdiction. Similarly, the court in *Baker v. Nutrien Ag Sols., Inc.*, 2022 WL 3142065 (E.D. Cal. Aug. 5, 2022), was tasked with addressing the propriety of joining a diversity-destroying defendant under 28 U.S.C. § 1447. Importantly, the standard in determining whether to dismiss an action under Rule 41 was not the applicable standard in the aforementioned cases and, perhaps as a result of this distinction, PNS does not provide argument or explain how the relied-upon cases support a finding of legal prejudice in this action. As discussed above, the burden is on PNS to show that dismissal would result in legal prejudice, *Hyde & Drath*, 24 F.3d at 1169, and discretion lies with the Court in making that determination. *Westlands Water Dist.,* 100 F.3d at 96. With respect to Renovato not being a named

4

defendant in this action, PNS has not met that burden.

PNS' second argument is that it will suffer prejudice if the action is dismissed because it has "expended significant time and resources litigating this matter in federal court." (Doc. 13 at 3.) PNS indicates that the parties have attended a scheduling conference, a trial date has been set, initial disclosures have been exchanged, discovery has commenced, and the parties are "preparing to take depositions." (*See id*.) It also contends Plaintiff seeks to harass it with "burdensome and duplicative discovery." (*Id*.) Plaintiff correctly asserts that incurring expenses by responding to discovery does not amount to legal prejudice. (Doc. 14 at 2.) She further contends that trial is set for August 2024, discovery has been "very limited," no motions practice has taken place[2], and no depositions have been scheduled or taken. (*Id*. at 2-3.) Finally, Plaintiff notes that any discovery conducted in this case can be used in the state action. (*Id*. at 3.)

Significantly, the threat of future litigation, uncertainty because a dispute remains unresolved, and the expenses incurred in defending against the lawsuit do not constitute legal prejudice. *Westlands Water Dist.*, 100 F.3d at 96-97. The Ninth Circuit determined that "legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citation omitted); *see also In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) (clarifying that the same "legal prejudice" considerations under Rule 41(a)(2) applied to a bankruptcy proceeding and holding that the inconvenience of expending time and resources for trial preparation was not sufficient to establish prejudice, particularly in light of the fact that the efforts would likely be relevant to the corresponding state court action). Thus, PNS has failed to carry its burden of demonstrating legal prejudice from dismissal of the action without prejudice.

**IV.  Conclusion and Order**

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion to dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 10) is **GRANTED**.

---

[2] The Court assumes this point does not reflect the instant matter, which the Court construed as a motion.

2. The action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close the action.

IT IS SO ORDERED.

Dated:   **April 24, 2023**

UNITED STATES DISTRICT JUDGE